UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTINE ROTH,
    f/k/a Christine Ogden,

            Plaintiff,

v.                                  Civil Action No. 3:08CV598

NORTHSTAR LOCATION SERVICES, LLC,

            Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer alleging damages for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. Defendant has attempted to collect against Plaintiff on a debt that Plaintiff disputes, without sending Plaintiff a written notice disclosing name of the creditor to whom the alleged debt is owed.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff Christine Roth ("Ms. Roth") is a natural person who resides in Virginia. Ms. Roth is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Northstar Location Services, LLC is a professional debt collector, located at 4285 Genesee Street, Cheektowaga, New York 14225-1943.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. Defendant initiated collection activities against Ms. Roth by sending her an initial dunning communication, dated July 12, 2008, attempting to collect a purported $3,027.39 debt, the validity of which Ms. Roth disputes. A copy of the dunning letter is attached hereto, marked Plaintiff's Exhibit A.

7. The alleged debt was, upon information and belief, for a credit card account that was incurred primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

8. The dunning letter did not identify the name of the creditor to whom the purported debt was owed, as required by 15 U.S.C. § 169g(a)(2). See, e.g., *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp. 293, 3001-01 (E.D.N.Y. 2005)

9. The foregoing acts and omissions of the Defendant constitutes violations of the FDCPA, including, but not limited to, violations of §§ 1692g(a)(2).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Declaratory relief that the Defendant violated the Fair Debt Collection Practices Act;

2. Award Plaintiff statutory damages against the Defendant for its violations of the Fair Debt Collection Practices Act;

3. Award Plaintiff reasonable attorneys' fees against the Defendant for its violations of the Fair Debt Collection Practices Act;

4. Award Plaintiff costs against the Defendant for its violation of the Fair Debt Collection Practices Act;

5. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                                Respectfully submitted,
                                                Christine Roth, f/k/a Christine Ogden
                                                By Counsel

_____
By: Dale W. Pittman, VSB#15673
Counsel for Christine Roth, f/k/a Christine Ogden
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com